UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARIQ MUNIR, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PANERA BREAD COMPANY, PANERA LLC dba PANERA BREAD, and DOES 1-50 inclusive,<br><br>Defendants. | CASE NO.  2:06-cv-2372 DFL EFB<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**(COURT HAS STRICKEN PARAGRAPH #9)** |

Plaintiff Tariq Munir and Defendants Panera Bread Company and Panera LLC, having stipulated to the entry of the within protective order, and the Court being fully advised in the premises,

IT IS ORDERED AND AGREED AS FOLLOWS:

1.  When used in this Order, "Confidential Information" means any information (e.g., trade secret, confidential business information, and/or proprietary information of a sensitive nature) which is designated in good faith as confidential by a party pursuant to paragraph 2 below.

2.  Materials may be designated as Confidential Information by conspicuously stamping or marking documents or discovery responses with an appropriate legend, by advice on the record at a deposition, or by any other reasonable means agreed to by the parties.  Failure to designate information as Confidential Information at the time it is initially produced shall not constitute a waiver of the right to later designate information as Confidential Information, but any disclosure by the receiving party made before the designation will not constitute a violation of this Order.

3.  Subject to paragraph 4 below, Confidential Information may be disclosed by the

receiving party only to the following persons:

    (a) attorneys of record in this action, and any member, associate, or employee of the firm where such attorney practices, and any employee of an independent photocopying service utilized by such attorney in the action;

    (b) the parties to the action and their employees involved in assisting attorneys of record in this litigation for purposes of providing that assistance;

    (c) a consulting or testifying expert retained by counsel, where counsel in good faith believes that the Confidential Information disclosed to such person is relevant to the preparation and or testimony of such person (provided that such disclosure is limited to only that Confidential Information which counsel in good faith believes is relevant to the preparation and/or testimony of such person);

    (d) persons subpoenaed or otherwise called as a witness at a deposition or hearing in this action;

    (e) stenographic reporters involved in any deposition, hearing, trial or other proceeding in this action; and

    (f) the Court in this action and in any appeals therefrom, and Court personnel.

4. Confidential Information may not be disclosed to any person identified in subparagraphs 3(c)-(e) unless such person agrees to be bound by this Order by signing a non-disclosure agreement in the form attached hereto as Exhibit A.  Copies of executed non-disclosure agreements shall be maintained by counsel for the party disclosing the Confidential Information, and shall be produced within 10 calendar days of a request by any other party.  If a party withholds copies of any non-disclosure agreement based on a claim of attorney-client privilege or work product, the attorney for the withholding party shall certify in writing, within 10 calendar days of the request, that non-disclosure agreements have been executed as required by this Order.

WASH1\4870942.1                                -2-

STIPULATED PROTECTIVE ORDER

receiving party only to the following persons:

    (a) attorneys of record in this action, and any member, associate, or employee of the firm where such attorney practices, and any employee of an independent photocopying service utilized by such attorney in the action;

    (b) the parties to the action and their employees involved in assisting attorneys of record in this litigation for purposes of providing that assistance;

    (c) a consulting or testifying expert retained by counsel, where counsel in good faith believes that the Confidential Information disclosed to such person is relevant to the preparation and or testimony of such person (provided that such disclosure is limited to only that Confidential Information which counsel in good faith believes is relevant to the preparation and/or testimony of such person);

    (d) persons subpoenaed or otherwise called as a witness at a deposition or hearing in this action;

    (e) stenographic reporters involved in any deposition, hearing, trial or other proceeding in this action; and

    (f) the Court in this action and in any appeals therefrom, and Court personnel.

4. Confidential Information may not be disclosed to any person identified in subparagraphs 3(c)-(e) unless such person agrees to be bound by this Order by signing a non-disclosure agreement in the form attached hereto as Exhibit A.  Copies of executed non-disclosure agreements shall be maintained by counsel for the party disclosing the Confidential Information, and shall be produced within 10 calendar days of a request by any other party.  If a party withholds copies of any non-disclosure agreement based on a claim of attorney-client privilege or work product, the attorney for the withholding party shall certify in writing, within 10 calendar days of the request, that non-disclosure agreements have been executed as required by this Order.

     5.     Confidential Information may be disclosed to persons other than those provided in paragraph 3 above only upon (a) the prior express written consent of the party who has produced and designated the Confidential Information; or (b) stipulation by the designating party on the record at a hearing or deposition at which Confidential Information is sought to be disclosed; or (c) order of the Court.

     6.     Confidential Information may be used for purposes of this action, including any appeals therefrom, and for no other purpose.

     7.     Confidential Information may be used at a deposition, provided that the relevant portions of the original and copies of the transcript of such deposition are treated as Confidential Information pursuant to this Order.

     8.     Nothing herein shall be deemed to restrict in any manner the use by any party or its counsel of that party's own documents or information, and shall only apply to documents produced by an opposing party during the proceedings in this action.

     9.     If a dispute arises concerning whether information is or properly should have been designated as Confidential Information, the parties shall try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be so resolved, the party seeking to disclose the information without restriction must mail notice to the designating party that it disputes the designation.  The designating party may, within 15 business days of receipt of such notice, move the Court for a ruling as to whether the disputed information is Confidential Information as defined in paragraph 1 above.  If the designating party does not so move within the 15 business day period, or if the Court rules that the information is not Confidential Information, then such information shall not be treated as Confidential Information subject to this Protective Order; *provided* that pending the expiration of the 15-business day period, or a ruling by the Court (if a motion is made within the 15-business day period), the Information shall be treated as

Confidential Information subject to this Order.

10. Following the close of pre-trial discovery, and prior to trial of this matter, counsel for the undersigned parties shall seek to agree on procedures to protect the confidentiality of material produced under this Order which will be used at trial. In the event that counsel for the parties cannot agree, the Court upon motion of any party, shall determine the procedures to be used to protect confidential material at trial.

11. Upon termination of the action (including any appeals), each party shall, upon request of the producing party, either destroy or return to the producing party all Confidential Information furnished by the producing party, including all reproductions, notes and transcriptions thereof, and shall certify to the producing party in writing that all such information has been destroyed or returned; *provided* that nothing herein shall obligate any party to destroy or return any pleading, deposition, transcript, trial exhibit, or work product prepared or used in this action, but the Confidential Information contained therein shall continue to be treated as confidential in accordance with the terms of this Order.

12. Nothing in this Order shall prevent any party from objecting to discovery which is believed to be improper, or from seeking from the Court additional or different protection for any information sought or produced in discovery.

13. This Order shall continue to be binding after the termination, by judgment or otherwise, of this action.

STIPULATED TO:

For Plaintiff Tariq Munir:          For Defendants Panera Bread Company and
                                     Panera LLC:

```
_____        _____
Alden Parker                   Jean Hobler
Jennifer S. Gregory            DLA Piper US LLP
Basham Parker LLP              400 Capital Mall
555 University Avenues         Suite 2400
Suite 170                      Sacramento, CA 95814
Sacramento, CA 95825
                               John F. Dienelt
                               Charley C. Sung
                               DLA Piper US LLP
                               1200 Nineteenth Street, N.W.
                               Washington, DC 20036
```

SO ORDERED this 7th day of May, 2007.


                          /s/ David F. Levi_____
                          Judge, United States District Court

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARIQ MUNIR, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PANERA BREAD COMPANY, PANERA LLC dba PANERA BREAD, and DOES 1-50 inclusive,<br><br>Defendants. | CASE NO. 2:06-at-01086<br><br>**AGREEMENT CONCERNING NONDISCLOSURE OF INFORMATION SUBJECT TO PROTECTIVE ORDER** |

The undersigned acknowledges that (s)he has read the Stipulated Protective Order entered in this action by the United States District Court for the Eastern District of California, that (s)he understands its terms, and that (s)he agrees to be bound by that Order.

_____

Name:_____

Organization:_____

Dated: _____